IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

J. WILLIAMS TRUCKING LLC                                                    PLAINTIFF

V..                                                    CIVIL ACTION NO. 3:13-CV-135-DAS

PROGRESSIVE GULF INSURANCE COMPANY                             DEFENDANT

### MEMORANDUM OPINION GRANTING PLAINTIFFS' MOTION TO REMAND

The parties to this action have consented, under the provisions of 28 U.S.C. § 636(c), to

have the magistrate judge conduct any and all proceedings int his case, including trial, the entry

of a final judgment and conduct of all post-judgment proceedings.  The plaintiff has moved to

remand this case to state court.  Without opposition from the defendant, the court finds that the

motion is well taken.

On April 22, 2013, the plaintiff, J. Williams Trucking LLC sued the defendant,

Progressive Gulf Insurance Company, alleging bad faith refusal to pay for a motor truck cargo

loss.  Progressive Gulf was served with the complaint on April 22, 2013.  It timely filed its

notice of removal on May 22, 2013, asserting jurisdiction based on diversity of citizenship.  The

plaintiff has moved for remand, stipulating that it is not seeking and will not accept damages in

excess of seventy-five thousand dollars.  The defense has filed no response opposing the motion,

tacitly accepting the stipulation.

The removal statute provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any
> civil action brought in a State court of which the district courts of
> the United States have original jurisdiction, may be removed by
> the defendant or the defendants, to the district court of the United
> States for the district and division embracing the place where such
> action is pending.

28 U.S.C. § 1441(a). A case may be remanded upon a motion filed within thirty days after the filing of the notice of removal for any defect, except subject matter jurisdiction. Where lack of jurisdiction is alleged, the motion to remand may be raised at any time by any party or *sua sponte* by the court. *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 328 F. App'x 946, 947 (5th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Here the plaintiff asserts the court lacks jurisdiction because the amount in controversy does not meet this court's jurisdictional threshold for diversity jurisdiction.

Diversity jurisdiction is limited to thoses "civil actions where the matter in controversy exceeds the sum or value of $75,000...." 28 U.S.C. § 1332(a). The amount in controversy is determined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The courts generally begin the amount-in-controversy analysis by "look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds" the jurisdictional threshold. *Ervin v. Sprint Commc'ns Co. LP*, 364 F. App'x 114, 117 (5th Cir. 2010) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). When a complaint, like the one in this case, does not allege a specific amount of damages, the party seeking to invoke federal jurisdiction must prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. Garcia v. Koch Oil Co. of Tex., Inc., 351 F.3d 636, 638–39 (5th Cir. 2003); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57–58 (5th Cir. 1993). Since the only evidence before the court is the plaintiff's stipulation that it seeks less than the jurisdictional limit, the court finds that it lacks subject matter jurisdiction in this case and remand is appropriate.

Conclusion

In sum, plaintiffs' motion to remand is GRANTED, and the case is REMANDED to the

Circuit Court of Panola County, Mississippi.

An order in accordance with this opinion shall issue this day.

THIS, the 24th day of October, 2013.


/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE